DELL, Chief Judge.
Delvin Woods, a juvenile, appeals his conviction for aggravated battery against Alex Hernandez and battery against Brian Whiting. Appellant has failed to demonstrate that the trial court abused its discretion when it determined that the state offered a race neutral reason to support its exercise of a peremptory challenge of one of three African-American venire members. Accordingly, we affirm appellant’s conviction. See Fotopoulos v. State, 608 So.2d 784, 788 (Fla. 1992), cert, denied, — U.S. —, 113 S.Ct. 2377, 124 L.Ed.2d 282 (1993).
We find merit in appellant’s contention that the trial court erred when it sentenced him as an adult because the sentencing order failed to set forth all of the requisite findings as specified in section 39.059(7)(c), Florida Statutes (1991). In its written order, the trial court found:
A. That the offenses for which the Defendant was found guilty were very serious to the community, and that the protection of the community requires adult disposition. The crimes of which the Defendant was convicted were racially motivated, and involved the Defendant leading a gang of teen-agers armed with rocks and bottles, in an un-provoked and merciless attack upon un-armed victims. No multi-racial and multi-ethnic community such as ours, can long endure if the Courts do not impose the most severe of sanctions for such behavior.
B. That the offenses were committed in an aggressive, violent, premeditated, and willful manner. The Defendant appeared to be engaging in an unprovoked attack on the victims for mere fun or sport. The Defendant was extremely aggressive, and after his arrest showed no remorse for what he had done. After he was apprehended, the Defendant boasted that he was going home and was going to get his gun, in order to inflict further carnage.
C. That the offenses were against persons, and personal injury resulted.
D. That the Defendant showed sophistication and maturity by bragging to the police and the victims that he could not be punished for his crimes, because he was a juvenile. He stated that “it was just another day at the office.”
E.That the Defendant’s previous juvenile record dates back to 1989, when the Defendant was involved in a sexually related battery for which he was placed on community control.
4. That the Defendant’s pre-sentence investigation reflects that he has had numerous disciplinary problems related to school.
The order does not recite factual findings addressing those criteria stated in section 39.059(7)(c)6, which provides:
The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to services and facilities for delinquent children.
We reject the state’s argument that the trial court’s order adequately covered this sixth factor in paragraph A. of its findings. In Troutman v. State, 630 So .2d 528 (Fla. 1993), the supreme court stated:
The Legislature has made clear in the statute itself that adherence to the requirements of section 39.059 is not optional: “It is the intent of the Legislature that the foregoing criteria and guidelines shall be deemed mandatory-” § 39.059(7), Fla.Stat. (1991). We therefore hold that a trial court must consider each of the criteria of section 39.059(7)(c) before determining the suitability of adult sanctions. In so doing, the trial court must give an individualized evaluation of how a particular juvenile fits within the criteria. Mere conclu-sory language that tracks the statutory criteria is insufficient.
Id. at 531 (certain citations omitted).
The unequivocal holding of Troutman requires us to reverse and remand this case to the trial court for resentencing. On remand, the trial court may again impose adult sanctions against appellant after making the necessary findings in conformity with section 39.059(7)(d), Florida Statutes (1991), and the supreme court opinion in Troutman.
REVERSED and REMANDED.
HERSEY and STEVENSON, JJ., concur.